IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER HARRIS,** | : | No. 1:22cv1512 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Caraballo) |
| **LT. BISCOE,** *et al.* | : | |
| **Defendants** | : | |

## ORDER

Before the court is a Report and Recommendation ("R&R") from Magistrate Judge Phillip J. Caraballo regarding defendants' motion for summary judgment in this civil rights matter filed by Plaintiff Walter Harris pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 67). This counseled action arises out of events at State Correctional Institution, Mahanoy ("SCI-Mahanoy") where Harris is (or was) incarcerated. Harris allegedly sustained injuries from a physical assault by another inmate in the Restricted Housing Unit. (Doc. 1-4, State Court Compl.). He asserted various claims against numerous defendants for violation of his Eighth Amendment right to be free from cruel and unusual punishment and for negligence. Id.

As postured at summary judgment, Harris only maintained claims against Defendants Biscoe, Dunkle, Matrey, Rivello, Delbalso, Santana, Mason, Mahally, White, Banta, and Stetler. Magistrate Judge Caraballo recommends that

summary judgment be entered in favor of these defendants and that the case be dismissed with prejudice.

The R&R reaches the following conclusions based on a review of the summary judgment record:

1) Harris failed to exhaust his administrative remedies regarding his Eighth Amendment failure-to-protect claims against Defendants Delbalso, Dunkle, and Matrey pursuant to the Prison Litigation Reform Act , id. at 1, 11–23;

2) Summary judgment is warranted in favor of Defendants Biscoe and Santana for lack of personal involvement in the alleged constitutional violations and for failure to respond to the motion for summary judgment with evidence demonstrating deliberate indifference; id. at 1, 24–36 (Defendant Biscoe), 37–39 (Defendant Santana); and

3) Harris sought to withdraw all of his claims against Defendants Banta, Mahally, Mason, Stetler, Rivello, or White and also sought to withdraw his state law negligence claims against all defendants; thus, Harris does not oppose the motion regarding those claims or those defendants, id. at 4–5.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, the plaintiff, thorough counsel, had fourteen (14) days to object to the R&R. M.D.PA. L.R. 72.3. No objections to the R&R have been filed and the time for such filing has passed. In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court thus finds neither clear error on the face of the record nor a manifest injustice in Magistrate Judge Caraballo's analysis, and therefore, the court will accept the R&R and adopt it in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 67), is **ADOPTED**;

2) Defendants' motion for summary judgment, (Doc. 54), is **GRANTED**;

3) The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff in this matter; and

4) The Clerk of Court is directed to close this case.

Date: 9/30/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court